**In re PREMIER FLOOR COVERING CO., Inc.**

**No. 39901.**

District Court, E. D. New York.

Nov. 14, 1940.

902

Herman G. Robbins, of Brooklyn, N. Y., for Eskay Carpet Corporation, creditor.

Herman Saperstein, of Jamaica, L. I., N. Y., for debtor.

MOSCOWITZ, District Judge.

A creditor seeks to review the determination made by the referee denying the appointment of a receiver on the ground that Rule 6 in this district provides for the appointment of a receiver by a judge of this court and not by a referee.

This proceeding is being administered under Chapter XI of the Chandler Act, 11 U.S. C.A. § 701 et seq. Section 331 provides "The judge may refer the proceeding to a referee."

The judges of this court have adopted Rule 6 which provides:

"No application for the appointment of a Receiver in an involuntary case shall be submitted to the Judge until after the subpœna shall have been delivered to the Marshal for service, or a notice of appearance on behalf of the bankrupt shall have been filed with the Clerk, and the Clerk shall in every case advise the Judge when submitting such application whether this provision has been obeyed."

"All applications for the appointment of a Receiver or a Custodian in voluntary and involuntary cases shall be submitted to the Judge assigned to hold the bankrupcy and motion part of the business of the Court, and to no other Judge, provided, however, in the event said Judge is unavailable by reason of illness, or other good cause, such application may be made to such Judge as may be assigned or designated by the Senior Judge to entertain such application."

"In any case where there is a Receiver, the Clerk shall, on a reference, notify the Referee of the name and address of the Receiver."

This rule is not inconsistent with the Chandler Act, it merely reserves to the judges the appointment of receivers. The court would have power to refer the entire proceeding or any part thereof to a referee. A judge could refer the entire proceeding to the referee and in the order reserve the appointment of a receiver. The same result has been accomplished by a rule of the court wherein a judge reserves the right to appoint a receiver.

The referee's determination will not be disturbed.

Settle order.